UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re

    Frederick V. McMenimen, III            Chapter 7
        Debtor                              Case No: 12-10713-JMD

## **ORDER**

Before this Court on July 16, 2013 was the Debtor's Motion for Waiver of Discharge, filed on May 13, 2013, Court Paper 172. The hearing was held to address concerns raised by the United States Trustee in his Response filed May 16, 2013, Court Paper 173.

At the hearing held on July 16, 2013, the Debtor was not present but his counsel did appear on his behalf. The Court was advised that the Debtor is currently in a federal facility pursuant to an Order of the United States District Court for the District of New Hampshire issued in the matter of *United States* v. *McMenimen*, U.S. Case No. 1:12-cr-130-01-SM.

This Court has heard the arguments of counsel and finds that: the Debtor filed the Motion for Waiver of Discharge on May 13, 2013; the Debtor is represented by experienced counsel; Debtor's counsel explained the consequences and the effect of a waiver of discharge to the Debtor at the time the waiver was signed; Debtor's counsel made the Debtor aware of the consequences of a waiver of discharge before it was signed; and Debtor's counsel represented that the Debtor knowingly signed the Motion for Waiver of Discharge. The Court also notes that the Debtor has been zealous in protecting his rights in this case as noted by his Objections filed in this case (Court Papers 63; 77); his Motions for Rule 2004 Examinations (Court Papers 72, 73); his Motions to Avoid Liens (Court Papers 117, 119 ) and his appeals of Orders of this Court entered in the main case (Court Paper 104) as well as in the Adversary Proceedings (Adv. Proc. 12-01103-JMD, Court Papers 26 and 30; and Adv. Proc. 12-01107-JMD, Court Papers 24

and 28).  This Court also notes that this Debtor stipulated to the non-dischargeability of a debt owed to American Express as part of Adversary Proceeding 12-01082-LHK, captioned *American Express Centurion Bank* v. *McMenimen*, and therefore, the Debtor is familiar with the concept and effects of waiving his right to discharge debts.

This Court recognizes the standards for incompetency in civil proceedings are distinct from the standards to be applied in criminal proceedings.

Based upon these factors and in the absence of any Objection to the Motion for Waiver of Discharge, and with the support of the United States Trustee, Passatempo et al, and Susan Wagstaff, this Court finds that the Motion for Waiver of Discharge should be approved at this time.

This Court therefore grants the Debtor's Motion for Waiver of Discharge.   However, because the Debtor was not present at the hearing on July 16, 2013, the Debtor may file a rescission of his Motion to Waive Discharge provided it is filed on or before **September 16, 2013**.

Given the Court's Order approving the Debtor's waiver of discharge, all pending Adversary Proceedings against the Debtor are stayed without prejudice and all discovery in the Adversary Proceedings either by or against the Debtor shall be suspended.   These proceedings are: *United States Trustee* v. *McMenimen*, Adv. Proc. 12-01120-JMD; *Passatempo et al* v. *McMenimen*, Adv. Proc. 12-01103-JMD; and *Wagstaff* v. *McMenimen*, Adv. Proc. 12-01107-JMD (collectively, the "Adversary Proceedings").

Should the Debtor file a rescission of his Motion for Waiver of Discharge with this Court on or before the deadline of **September 16, 2013**, the stay of the Adversary Proceedings shall be immediately lifted without the need for the parties to seek further relief from this Court. To the extent necessary and as may be appropriate and equitable, this Court will also grant

motions to modify the Pretrial Orders in the Adversary Proceedings to reset deadlines that have expired or will expire in the near future.

On or after **September 17, 2013**, in the absence of any rescission of the Motion to Waive Discharge, the waiver of discharge will stand and the Adversary Proceedings will be dismissed, without prejudice. If, after September 16, 2013, the Debtor, anyone acting on behalf of the Debtor, or any court at the request of the Debtor's or someone acting on his behalf, vacates, amends and/or reverses the Order approving the Waiver of Discharge, the Plaintiffs in the Adversary Proceedings may either: 1) re-file their respective adversary proceeding as a new adversary proceeding; or, 2) request that this Court reopen his/her respective Adversary Proceeding, provided that any re-filing or motion to reopen is filed within 21 days after actual service of the order vacating, amending or reversing the Order Approving the Waiver of Discharge is made upon the Plaintiffs in the Adversary Proceedings.

Dated ~~this~~ August 06, 2013

/s/ J. Michael Deasy

The Honorable J. Michael Deasy
United States Bankruptcy Judge

3